**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2352
_____

PHILIP EMIABATA; SYLVIA EMIABATA,
Appellants

v.

BRENDAN L. SHANNON, Individually and in his official capacity as a U.S.
Bankruptcy Judge

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1:24-cv-00567)
District Judge: Honorable Jennifer L. Hall

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2025

Before: KRAUSE, RESTREPO, and PORTER, <u>Circuit Judges</u>

(Opinion filed: December 4, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Philip and Sylvia Emiabata ("the Emiabatas") appeal pro se from the District Court's order dismissing their complaint. We will affirm.

## I.

The Emiabatas filed civil suit against United States Bankruptcy Judge Brendan Linehan Shannon, individually and in his official capacity, regarding his dismissal of their pro se Chapter 13 petition in Bankruptcy Court.[1] The Emiabatas raised a number of causes of action, including Bivens claims and allegations of treason. They sought compensatory, nominal, and punitive damages, as well as injunctive or declaratory relief. The District Court screened the Emiabatas' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), determined that Judge Shannon was entitled to judicial immunity, and dismissed their complaint with prejudice.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of the Emiabatas' complaint. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

---

[1] This dismissal was in accordance with a four-year filing bar against Philip Emiabata individually, prohibiting his filing of any bankruptcy case in any jurisdiction.

III.

The District Court properly dismissed the Emiabatas' complaint because their claims against Judge Shannon are barred by judicial immunity. See 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal if the court determines that the action "seeks monetary relief against a defendant who is immune from such relief"). Judges are immune from civil liability for acts taken in their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355–57 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356–57 (quotation marks omitted). The Emiabatas failed to allege that Judge Shannon's dismissal of their Chapter 13 petition was in the absence of jurisdiction or otherwise not protected by judicial immunity.

Federal judges are also immune to claims for injunctive relief. See Azubuko v. Royal, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam). Even if Judge Shannon were not immune to such claims, the only form of injunctive or declaratory relief the Emiabatas seek is the overturning of Judge Shannon's dismissal of their Chapter 13 petition. But we recently affirmed the District Court's judgment upholding Judge Shannon's dismissal, agreeing with the District Court's determination that the Bankruptcy Court had the authority to dismiss their petition. See In re Emiabata, 2025

WL 2837780 (3d Cir. Oct. 7, 2025) (not precedential) (per curiam). Thus, the Emiabatas are not entitled to the relief they seek.[2]

On appeal, the Emiabatas argue that the District Court improperly dismissed their complaint without granting them leave to amend, but we are satisfied that, under these circumstances, granting the Emiabatas leave to amend would have been futile. Thus, the District Court appropriately dismissed their complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For those reasons, and because the Emiabatas' remaining arguments are without merit, we will affirm the District Court's judgment.[3]

---

[2] As a result, we need not consider whether the Emiabatas' claims could be brought via Bivens. See Egbert v. Boule, 596 U.S. 482, 491 (2022) (explaining that the range of claims that may be brought under Bivens is narrow and that broadening the range is disfavored).

[3] The Emiabatas argue on appeal that Trustee William F. Jaworski, Jr., is a defendant in this matter. But the Emiabatas identified Trustee Jaworski, Jr., as a witness in the District Court, and did not assert any claims against him in their complaint.